**Richard CEPULONIS, Petitioner, Appellant,**

v.

**Joseph PONTE, Respondent, Appellee.**

**No. 82–1574.**

United States Court of Appeals, First Circuit.

Heard Nov. 1, 1982.

Decided Feb. 7, 1983.

Richard C. Heidlage, Boston, Mass., by appointment of the Court, with whom Herrick & Smith, Boston, Mass., was on brief, for petitioner, appellant.

Michael B. Roitman, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Stephen R. Delinsky, Asst. Atty. Gen., Chief Crim. Bureau, and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Crim. Appellate Div., Boston, Mass., were on brief, for respondent, appellee.

Before COFFIN, Chief Judge, BROWN,* Senior Circuit Judge, and CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

Petitioner-appellant Richard Cepulonis appeals from the denial of his petition for habeas corpus, alleging ineffective assistance of counsel and involuntariness in the entry of guilty pleas to two counts of armed robbery. We affirm.

I.

Appellant was indicted on March 5, 1972, and on November 9 of that year, in return

* Of the Sixth Circuit, sitting by designation.

of the Commonwealth's promise to recommend a sentence of five to ten years' imprisonment, pled guilty to robbing the Arnold Coat Company and a Western Union telegraph office in Worcester, Massachusetts, at gunpoint. The robberies netted appellant $394 in cash, a wristwatch valued at $150, and, notwithstanding the Commonwealth's promised recommendation, concurrent sentences of ten to twenty years on each charge, to commence "forthwith"—i.e., concurrently with a sentence appellant was already serving for another armed robbery.

Four years and three months later, appellant filed a motion for new trial in state court, making the claims presented here. After an evidentiary hearing at which appellant and his plea counsel testified, the court denied his motion. Appellant appealed to the Massachusetts Appeals Court, which entered further findings of fact unfavorable to appellant and affirmed. The Supreme Judicial Court denied further review, and appellant then petitioned the U.S. District Court in Massachusetts for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 28, 1982, the petition was dismissed. This appeal followed.

## II.

Appellant first claims that he was denied effective assistance of counsel when he presented counsel with an alibi claim, and she failed to investigate further. The law and facts are both disputed.

The Commonwealth argues at great length that we should apply Massachusetts' test for ineffectiveness of counsel in judging the federal constitutional adequacy of the assistance rendered by appellant's counsel in this case.[1] We disagree. Though courts may differ as to the precise content of the Sixth and Fourteenth Amendments' guaranty of effective assistance of counsel in criminal cases, there is only one constitutional guaranty, not fifty. The content of that guaranty is a federal question, and we are bound in cases within our jurisdiction to enforce the guaranty as we understand it. We therefore conclude that the standard of *United States v. Bosch*, 584 F.2d 1113, 1119 (1st Cir.1978) governs claims of ineffective assistance of counsel in all habeas petitions in this circuit, whether the underlying convictions are state or federal.

Under *Bosch*, a criminal defendant is entitled to "reasonably competent assistance" from counsel at each stage of the proceedings, including pretrial preparation and investigation. *United States v. Garcia*, 698 F.2d 31, at 35 (1st Cir.1983). *See also Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978); *McQueen v. Swenson*, 498 F.2d 207, 217 (8th Cir.1974); *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948). But just as counsel is not required to waste the court's time pursuing frivolous legal motions, *Bosch, supra*, 584 F.2d at 1121, so too counsel need not chase wild factual geese when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial as a matter of law, or, as here, as a matter of fact and of the realities of proof, procedure, and trial tactics. Moreover, a defendant alleging ineffectiveness must prove "that his counsel's error *clearly* 'resulted from neglect or ignorance rather than from informed, professional deliberation' ". *Id.* (emphasis added). Although appellant's petition is not frivolous, we are persuaded for a number of reasons that he has failed to make the sort of clear showing of neglect or ignorance that *Bosch* requires.

First, appellant testified only that he "lived" in Richmond, Virginia, "on March 8th [the date of the robberies in

---

1. The Commonwealth infers from the Supreme Court's denial of certiorari in Second Circuit cases applying the strict farce-and-mockery test of ineffectiveness, and its denial of certiorari in cases from other jurisdictions applying more liberal standards, that Massachusetts' intermediate standard of ineffectiveness is "constitutionally acceptable". This argument need not detain us long. The existence of a split among the circuits and states does not disprove the existence of a single correct standard, and it is hornbook law that the denial of certiorari in no way intimates approval on the merits. *See, e.g., Polites v. United States*, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960).

question] or, rather, from January 1, 1972, up until May 1, 1972"; he nowhere positively testified to telling his counsel that he was present in Virginia at the precise time of the robberies. More than legal residence is necessary to establish an alibi, particularly in an age of rapid long-distance travel and particularly in the face of eyewitness identifications by the robbery victims. Second, although appellant claims to have told counsel that his wife would corroborate his story, appellant's wife has never testified, and appellant has offered no explanation for her absence.[2] Appellant supplied counsel with no other leads, and even now, after five years for reflection, appellant still suggests no other witnesses to corroborate his claim. Particularly without such witnesses, a convincing alibi defense would likely have required appellant to take the stand, opening his long criminal record to damaging, possibly fatal cross-examination.

On this record, the Massachusetts courts found as a matter of fact that appellant's alibi story was "not persuasive", and that its pursuit would have been "quixotic" and "could not reasonably [have been] expected to exonerate the defendant". They also found that appellant's counsel "questioned [him] as to corroboration for the alibi" and that appellant gave her "nothing of substance" in its support. *Commonwealth v. Cepulonis,* 9 Mass.App. 302, 400 N.E.2d 1299, 1302–03 (1980). We agree with the district court that these findings are fairly supported by the record, and may for that reason be disregarded only on convincing evidence of error—evidence which has not been adduced here.[3] 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). We do not mean to suggest that counsel may lightly ignore an alibi claim where investigation is inconvenient; as a matter going to the heart of factual guilt or innocence, an alibi claim is entitled to the utmost consideration by counsel. Nor do we require that a defendant "prove" the ultimate validity of his alibi claim in order to trigger counsel's duty to investigate or to establish ineffectiveness of counsel.[4] We merely hold that in the cir-

---

2. The only communication from appellant's wife was a conclusory affidavit dated three years after the hearing on motion for new trial offered to the Massachusetts Appeals Court with appellant's petition for rehearing.

3. Under the federal habeas statute, 28 U.S.C. § 2254, state court findings of fact are presumptively valid and rebuttable only by convincing evidence of error, unless it is established or admitted, or otherwise appears that:
    (1) the factual merits were not resolved;
    (2) the factfinding procedure was inadequate for a full and fair hearing;
    (3) the material facts were inadequately developed;
    (4) the state court lacked jurisdiction;
    (5) the petitioner was unconstitutionally deprived of counsel;
    (6) the petitioner was not given a full, fair, and adequate hearing;
    (7) due process was otherwise denied; or
    (8) the findings are not fairly supported by the record.
Exceptions 4, 5, and 7 are not implicated here. The district court considered and rejected exceptions 2, 6, and 8, and we find no reason to disturb that decision. As for the other exceptions, we cannot say that the legal differences between the Massachusetts and *Bosch* tests so colored the Commonwealth courts' factual findings as to leave the merits of appellant's claim effectively unresolved under section 2254(d)(1) or the material facts inadequately developed under section 2254(d)(3). Whatever the differences between the two tests in general, any differences over the required scope of factual investigation by counsel seem more semantic than substantial. *Compare, e.g., Commonwealth v. Cepulonis, supra,* 400 N.E.2d at 1302 ("[F]ailure to investigate and pursue a *plausible* alibi defense known to, or with normal diligence accessible to, counsel would fall beneath the level of competency expected.") (emphasis added), *with Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974) ("[C]ounsel must investigate all *apparently substantial* defenses available to the defendant and must assert them in a proper and timely manner.") (employing a test similar to *Bosch*) (emphasis added).

4. Such proof may be relevant to the issues of prejudice and harmless error. In view of our conclusion on the effectiveness of appellant's counsel, however, we need not determine today whether the denial of effective assistance can ever be deemed "harmless", and if so which party has the burden of proof on the issue. For one approach to this question and a survey of the approaches of other circuits, *see Davis v. Alabama,* 596 F.2d 1214, 1222–23 (5th Cir. 1979). *See also United States v. Baynes,* 687 F.2d 659, 669–71 (3d Cir.1982). *Washington v. Strickland,* 673 F.2d 879, 895–901 & nn. 11–26,

cumstances of this case, appellant has failed to make the "clear" showing of ineffectiveness required by *Bosch*, and that appellant's counsel conducted constitutionally adequate investigation when she questioned appellant about his claim, and he offered nothing of substance in its support. *Cf. Cox v. Wyrick*, 642 F.2d 222, 226 (8th Cir.1981) (counsel's assistance not ineffective where there was "no evidence that the defendant gave counsel information which would have led him reasonably to conclude that further investigation was necessary").

### III.

■ Appellant next claims that his guilty pleas were involuntary. In support of this claim, he advances three grounds: first, that his attorney was unprepared for trial; second, that she "badgered" him into pleading guilty; and third, that she erroneously told him that he would be eligible for parole in eighteen months when the actual requirement was two-thirds of the minimum sentence imposed.

The Massachusetts courts rejected appellant's first two claims on the facts, and we find no basis for disturbing their findings.[5] We are more troubled by appellant's third claim, for the correct information was evidently readily available, and counsel's advice measurably understated the time to parole eligibility even under the sentence recommended by the Commonwealth, much less the higher sentence actually imposed by the court.[6] Nonetheless, we are persuaded that the misinformation here was not such as to invalidate appellant's plea.

■ Ordinarily, the details of parole eligibility are considered collateral rather than direct consequences of a plea, of which a defendant need not be informed before pleading guilty. *See United States v. Garcia, supra*, at 575 and authorities cited thereat. Although *misinformation* may be more vulnerable to constitutional challenge than mere lack of information, *see, e.g., Strader v. Garrison*, 611 F.2d 61, 63–64 (4th Cir.1979), a defendant seeking to set aside a guilty plea must at the very least show that correct information would have made a difference in his decision to plead guilty.[7] *Id.* at 64–65; *see also Garcia, supra; Caputo v. Henderson*, 541 F.2d 979, 984 (2d Cir.1976); *Kelleher v. Henderson*, 531 F.2d 78, 82 (2d Cir.1976).

In this case, the Massachusetts courts found that appellant was "expressly advised when he pleaded that maximum possible sentences of up to life for each offense could be imposed"; that "counsel diligently explained to him that the sentencing judge was not bound to follow the prosecutor's recommendations"; and that appellant, as a parole violator serving out a prior sentence, could reasonably be inferred to know that parole eligibility depended on the length of sentence. *Commonwealth v. Cepulonis, supra*, 400 N.E.2d at 1304–05. We note also that appellant's testimony on this subject was not entirely consistent: although he insisted that his attorney told him he would be eligible for parole in eighteen months, he elsewhere testified that he pled guilty "be-

---

*rehearing en banc ordered*, 679 F.2d 23 (5th Cir.1982).

5. Appellant's first claim is largely a restatement of the ineffective assistance argument we have already rejected. Insofar as appellant also claims that counsel was otherwise unprepared, the Massachusetts courts found to the contrary, and their findings are adequately supported. Appellant does not challenge counsel's preparedness to cross-examine the Commonwealth's witnesses, or otherwise to argue his case; nor has he demonstrated that under the circumstances of the case, more preparation could reasonably be required.

6. On a sentence of five to ten years as recommended by the Commonwealth, appellant

would have been eligible for parole after serving forty months.

7. Although appellant does not couch his misinformation argument in terms of ineffective assistance of counsel, we note that the same showing of materiality appears to be required whether the voluntariness of a plea is attacked directly, as here, or indirectly through a challenge to counsel's effectiveness. *See, e.g., Strader, supra* (effective assistance of counsel denied where a defendant is "grossly misinformed" about parole eligibility by his lawyer, relies on that misinformation in pleading guilty and would not have pled guilty if aware of his true prospects).

cause I would be out in *two years or something*" (emphasis added). In these circumstances, the Massachusetts courts were entitled to disbelieve appellant's claim that the prospect of parole after eighteen months was a "key" factor in his decision to plead guilty, and we have no grounds to disturb that finding.

*Accordingly, the judgment of the district court dismissing appellant's petition for habeas corpus is affirmed.*