**Bruce D. WELLMAN, Petitioner, Appellant,**

v.

**STATE OF MAINE, Respondent, Appellee.**

No. 91–1944.

United States Court of Appeals, First Circuit.

Heard Jan. 6, 1992.

Decided Feb. 26, 1992.

David P. Silk with whom Curtis Thaxter Stevens Broder & Micoleau was on brief, Portland, Me., for petitioner, appellant.

Joseph A. Wannemacher, Asst. Atty. Gen., Crim. Div., with whom Michael E. Carpenter, Atty. Gen., was on brief, for respondent, appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BOWNES, Senior Circuit Judge.

Petitioner Bruce D. Wellman appeals the denial of his 28 U.S.C. § 2254 petition for habeas corpus. The main issue is whether the State of Maine violated petitioner's constitutional rights by eliminating pretrial detention time as a credit against his sentence which it had previously granted him. For the reasons that follow, we find that there was no constitutional violation and affirm the judgment below.

## I. THE FACTS

Petitioner was indicted in Cumberland County, Maine, on twenty-four counts of robbery, burglary, and theft. He was also indicted on ten counts of robbery, burglary, and theft in Knox, Lincoln, and Sagadahoc counties. At the time of his indictment, petitioner was serving a sentence in New Hampshire for being an accomplice to burglary. He was brought from New Hampshire to Maine and confined in the Cumberland County jail from May 23, 1985, to November 20, 1986, pending disposition of the Maine indictments. The confinement in the Cumberland County jail was in service of the New Hampshire sentence, pursuant to the Interstate Compact on Detainers, Me.Rev.Stat. Ann. tit. 34–A, §§ 9601–9609 (West 1988). During his pretrial detention

in Maine, petitioner's New Hampshire sentence was reduced as a result of a successful appeal and was terminated on November 20, 1986. Petitioner remained incarcerated in Maine on the pending Maine charges.

After a mistrial was declared in the trial of some of the counts, petitioner entered into a plea agreement covering the thirty-four counts of burglary, theft, and robbery. He pled guilty to all counts on September 26, 1986. Petitioner was sentenced on April 8, 1987, to twenty years imprisonment with all but nine years suspended and three years probation. Prior to the sentencing, the Cumberland County District Attorney provided the sentencing judge with a formal notice stating that petitioner had been detained in Maine under the Interstate Compact on Detainers for 686 days. This reflected the period from May 23, 1985, the date of petitioner's removal from New Hampshire to Maine, to the date of sentencing, April 8, 1987. At the sentencing petitioner was given a pretrial detention credit for the full 686 days.

After petitioner had commenced a post-conviction challenge to the sentence,[1] the Attorney General for Maine realized that under Maine law petitioner was not entitled to any pretrial detention credit for time served on his New Hampshire sentence. Me.Rev.Stat. Ann. tit. 17-A, § 1253(2) (West 1991). The Attorney General informed the Maine State Prison Classification Department of the pertinent statute and directed that it recalculate petitioner's sentence. As a result, petitioner's release date was set back 546 days, the period from his removal to Maine, May 23, 1985, to the end of his New Hampshire sentence, November 20, 1986. Petitioner was credited with the 140 pretrial detention days on the Maine charges.

Petitioner challenges the reduction in pretrial detention credits on the grounds that Maine breached its plea agreement with him and that his guilty pleas were thus rendered involuntary. Petitioner also attacks his sentence on the ground that

Maine had misinformed him about the particulars of a plea agreement between the state and another defendant, John Bedard, who became one of the key prosecution witnesses.

## II. PROCEDURAL HISTORY

Petitioner mounted a post-conviction challenge to the elimination of 546 days of detention time credit in the Maine Superior Court. In April of 1990 he was granted leave to withdraw his guilty plea by the Superior Court of Maine for Cumberland County. The court found that while petitioner had not proven "that an agreement [regarding time spent in pretrial detention] had been reached but not carried out," he had been convincing that "he and his lead counsel expected that he [would] get the full 686 days of credit." Based upon this "unrealized expectation" the court found that the petitioner's "pleas were not voluntary under either a subjective or objective test." The issue involving Bedard's plea agreement was not reached.

The Supreme Judicial Court of Maine reversed. *Wellman v. State of Maine*, 588 A.2d 1178 (Me.1991). It upheld the finding of the superior court that there had been no breach of a plea agreement, stating that "credit for time served was not an explicit part of the plea agreement." *Id.* at 1181. Relying on *United States v. Bouthot*, 878 F.2d 1506, 1511–12 (1st Cir.1989), it drew a distinction between the direct and collateral consequences of a guilty plea:

M.R.Crim.P. 11 requires the court, prior to acceptance of a guilty plea, to insure that the plea is made knowingly, that the plea is voluntary and that there is a factual basis for the charge. The court fully complied with the requirements of Rule 11 at the time Wellman entered his guilty pleas. The court informed Wellman of the direct sentencing consequences of his pleas and later imposed a sentence consistent with the plea agreement. There is no requirement under Rule 11 that the court inform the defendant of each and every *collateral* conse-

---

**1.** Petitioner had joined pending actions by other inmates seeking to determine whether inmates

were entitled to good time credits for pretrial detention time.

quence of his plea and the resulting sentence, such as where he is to be incarcerated, what good time credits he may be entitled to earn, or to what pretrial detention credit he may be entitled.

*Id.* at 1180–81 (footnote omitted). The court held:

> The Superior Court erred in concluding that Wellman's otherwise voluntary pleas were made involuntary by his subjective misunderstanding as to his entitlement to credit for pretrial detention in Maine, when that entitlement was not part of the plea agreement and was not induced by misrepresentation.

*Id.* at 1181.

Petitioner then brought this petition for habeas corpus. The district court, in a well-reasoned opinion, denied the petition. 769 F.Supp. 21 (1991). It found that the record supported the conclusion of the superior court, affirmed by the Supreme Judicial Court, "that Petitioner did not satisfy his burden of establishing that the plea agreement, or an agreement collateral to the plea agreement, bound the state to provide Petitioner with a specific number of credited days." *Id.* at 23. We agree.

The district court, however, parted company with the Maine court on the direct versus collateral consequences of a guilty plea. It found that this distinction has little relevance "when the state has provided a defendant with inaccurate information." *Id.* The district court pointed out that misinformation "rising to the level of a misrepresentation may be a constitutional infirmity even when it relates to a collateral consequence of the defendant's guilty plea." *Id.* The district court found that "this case involves misinformation provided by the state rather than the absence of collateral information." *Id.* at 23–24. The court then went on to rule that petitioner, in order to prevail, had to show that he had suffered prejudice as a result of the state's providing incorrect information but had failed to do so. *Id.* at 24. The district court, for the same reason—lack of prejudice—dismissed petitioner's second claim based on the state's failure to inform him of the details of Bedard's plea agreement.

## III.  ANALYSIS

A plea is immune from collateral attack in an action for habeas corpus if it is both counseled and voluntary. *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984) (footnote omitted). Petitioner makes no claim that he was without counsel or that he was not counseled competently before deciding to plead guilty. Instead, petitioner rests his case entirely upon the contention that his plea was rendered involuntary by the retraction of the previously awarded 546 days of credit against his sentence.

The voluntariness of a guilty plea "for purposes of the Federal Constitution is a question of federal law." *Marshall v. Lonberger,* 459 U.S. 422, 431, 103 S.Ct. 843, 849, 74 L.Ed.2d 646 (1983). A state court's factual findings enjoy a presumption of correctness. *Id.* at 431–32, 103 S.Ct. at 849; *Nelson v. Callahan,* 721 F.2d 397, 399 (1st Cir.1983) (*citing Sumner v. Mata,* 455 U.S. 591, 591–92, 102 S.Ct. 1303, 1303–04, 71 L.Ed.2d 480 (1982)). A mixed question of fact and law, like a question of law, is given *de novo* review on appeal. *Sumner,* 455 U.S. at 597, 102 S.Ct. at 1306 ("Federal court may give different weight to the facts as found by the state court and may reach a different conclusion in light of the legal standard").

It is beyond cavil that the plea agreement did not contain or embody petitioner's expectation that he would be given credit for the entire pretrial detention period from his return to Maine through final disposition of the Maine charges. This case, therefore, does not implicate the holding of *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

In the absence of an explicit plea agreement, a court must distinguish between the situation where a prosecutor omits information, and where he provides inaccurate

or misleading information, in securing guilty pleas. *See United States v. Bouthot,* 878 F.2d 1506, 1512 (1st Cir.1989); *Cepulonis v. Ponte,* 699 F.2d 573, 577 (1st Cir.1983). We think this is a situation where a prosecutor inadvertently omitted information. The prosecutor correctly informed the sentencing judge that petitioner had been held in pretrial detention for 686 days. He failed, as did both defense counsel and the sentencing judge, to take into account that under Maine law 546 of those days could not be credited against petitioner's sentence. There was no deliberate misrepresentation made by the prosecutor. Ignorance of the law may not be an excuse but it does not amount to misrepresentation.

But even if we view the failure to take the statute into consideration as misinformation, which is more vulnerable to constitutional challenge than lack of information, *Cepulonis,* 699 F.2d at 577, petitioner must show that, *but for* the misinformation or omission, he would not have accepted the offer by pleading guilty, and instead would have chosen to go to trial. As we said in *Cepulonis:* "[A] defendant seeking to set aside a guilty plea must at the very least show that correct information would have made a difference in his decision to plead guilty." 699 F.2d at 577 (footnote omitted); *see also McAleney v. United States,* 539 F.2d 282, 284 (1st Cir.1976) ("*if* his guilty plea was *in fact induced by such representation,* we agree ... that relief is in order" (emphasis added)); *United States v. Pallotta,* 433 F.2d 594, 595 (1st Cir.1970) ("Even if no 'working agreement' existed in fact, the voluntariness of defendant's guilty plea would be seriously in question *if it was induced* by representations...." (Emphasis added)).

Thus, to prevail petitioner must allege and prove that he was prejudiced by the belief that he would be awarded the full 684 days of credit. As noted by the district court, "[p]etitioner's only argument in support of his claim of prejudice was: 'What could be more prejudicial than entering into a plea agreement, receiving what one expects to receive, and then having a significant part of what one received taken away

unilaterally five months after sentencing. [sic]'" *Wellman,* 769 F.Supp. at 24. Petitioner's statement is barely an allegation of prejudice, let alone proof of it. Assuming *arguendo* that petitioner has sufficiently alleged prejudice, he has certainly made no attempt to prove it.

Petitioner was charged with thirty-four separate counts of burglary, theft, and robbery, for which the total maximum sentences could have exceeded 225 years. Petitioner pled guilty to all thirty-four counts and received a twenty year sentence, with all but nine years suspended, plus three years of probation. We need not speculate as to whether petitioner's actual sentence, if he had been found guilty on all counts, would have approached 225 years. We only observe that it is difficult to see how, if the plea bargain as described above was acceptable to petitioner, that the same bargain, with the addition of 546 days, approximately eighteen months, would have been unacceptable and would have deterred him from pleading guilty.

■ Petitioner also claims that the state withheld the details of, provided inaccurate details of, or failed to provide details of the most recent version of the plea agreement between the State and John Bedard, another defendant, who had been indicted on essentially the same charges as petitioner. Petitioner again fails to demonstrate how the unavailability of such information prejudiced him. In *Bouthot,* we held that information regarding an ongoing federal investigation of the defendant, which was not disclosed to him while he was considering whether to accept a state plea offer, could not, without more, have rendered the defendant's guilty plea involuntary. 878 F.2d at 1512. Accordingly, we fail to see how withholding the plea arrangements of another, without more, can do so.

And, as with the retracted pretrial detention time, petitioner has made no attempt to show how he was prejudiced. The Maine Supreme Judicial Court addressed directly petitioner's claim as to the plea agreement of the co-defendant. It held: "Wellman has not alleged a sufficient nex-

**74**

us between his plea and that of the co-defendant to make the co-defendant's case relevant to Wellman's." *Wellman*, 588 A.2d at 1179 n. 5. We agree.

## CONCLUSION

The judgment of the district court is affirmed.