USCA1 Opinion

 

 September 23, 1992 UNITED STATES COURT OF APPEALS September 23, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _____________________ No. 91-2252 No. 91-2252 JOHN CHAKOUIAN, JOHN CHAKOUIAN, Petitioner, Appellant, Petitioner, Appellant, v. v. JOHN MORAN, JOHN MORAN, Respondent, Appellee. Respondent, Appellee. ____________________ ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ ____________________ Before Before Breyer, Chief Judge, Breyer, Chief Judge, ___________ Cyr, Circuit Judge, Cyr, Circuit Judge, _____________ and Boyle,* District Judge. and Boyle,* District Judge. ______________ ____________________ ____________________ Edward J. Romano with whom John F. Cicilline was on brief for Edward J. Romano with whom John F. Cicilline was on brief for _________________ __________________ appellant. appellant. Jane M. McSoley, Assistant Attorney General, with whom James E. Jane M. McSoley, Assistant Attorney General, with whom James E. _______________ ________ O'Neil, Attorney General, was on brief for appellee. O'Neil, Attorney General, was on brief for appellee. ______ ____________________ ____________________ ____________________ ____________________ *Of the District of Rhode Island, sitting by designation. *Of the District of Rhode Island, sitting by designation. CYR, Circuit Judge. The district court dismissed CYR, Circuit Judge. ______________ petitioner John Chakouian's application for habeas corpus relief under 28 U.S.C. 2254, without an evidentiary hearing. We affirm. I I BACKGROUND BACKGROUND __________ Petitioner was convicted of murder in the first degree under R.I. Gen. Laws 11-23-1 on June 27, 1986, and sentenced to life imprisonment under R.I. Gen. Laws 11-23-2. Chakouian, a white male, appealed to the Rhode Island Supreme Court, alleging that the trial court erred, inter alia, in refusing to conduct a _____ ____ Batson inquiry after the prosecutor had exercised a peremptory ______ challenge to exclude a second black person from the petit jury.1 State v. Chakouian, 537 A.2d 409, 413 (R.I. 1988). The Rhode _____ _________ Island Supreme Court held that a Batson inquiry was not required, ______ as Chakouian had not demonstrated that the prosecutor utilized the State's peremptory challenges to remove "members of the defendant's race" from the venire. Id. (emphasis added). ___________ ___ Chakouian thereafter instituted habeas corpus proceedings in the United States District Court for the District of Rhode Island. ____________________ 1Batson v. Kentucky, 476 U.S. 79, 97 (1986), determined that, ______ ________ "[o]nce the defendant makes a prima facie showing [of discrimina- tion in the use of peremptory challenges], the burden shifts to the State to come forward with a neutral explanation for chal- lenging black jurors." 3 Petitioner's sole surviving claim for relief is that the State's exclusion of two black jurors through the exercise of its peremptory challenges violated his Fourteenth Amendment right to equal protection.2 The section 2254 petition was referred to a magistrate judge who recommended dismissal of the petition, without an evidentiary hearing. See Rule 10, Rules Governing ___ 2254 Proceedings. Over petitioner's objections, the district court adopted the findings and recommendations of the magistrate judge. II II DISCUSSION DISCUSSION __________ Petitioner first argues that the magistrate judge incorrectly applied Batson v. Kentucky, 476 U.S. 79 (1986), and ______ ________ Peters v. Kiff, 407 U.S. 493 (1972). He urges us to construe ______ ____ Batson broadly to enable an equal protection challenge not- ______ withstanding the absence of racial identity. Petitioner contends that Peters supports his claim since peremptory challenges are an ______ ____________________ 2In the district court, petitioner presented a Sixth Amendment claim based on the right to a jury drawn from a fair cross section of the community, made applicable to the States through the Due Process Clause of the Fourteenth Amendment. See Duncan ___ ______ v. Louisiana, 391 U.S. 145 (1968). The Sixth Amendment provides _________ in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impar- tial jury of the State and district wherein the crime shall have been committed . . . ." On appeal, petitioner concedes that Holland v. Illinois, 493 U.S. 474, 480 (1990), has established _______ ________ that the Sixth Amendment does not constrain the State's exclusion of members of a cognizable racial group at the peremptory chal- lenge stage, provided the Sixth Amendment requirement of a representative venire has been met. 4 important part of the petit jury selection system.3 He further contends that Powers v. Ohio, 111 S. Ct. 1364 (1991), even though ______ ____ decided after his state court conviction, should be applied retroactively to his equal protection claim.4 Petitioner argues that Teague v. Lane, 489 U.S. 288 (1989), poses no bar to retro- ______ ____ active application as Powers does not articulate a "new rule."5 ______ We find it unnecessary to address these contentions. Even assuming petitioner correctly interprets Peters, Batson and ______ ______ ____________________ 3The district court rejected petitioner's attempt to overcome the racial identity problem through reliance on Peters v. Kiff. In ______ ____ Peters, which predates Batson, the Court reversed the conviction ______ ______ of a white defendant who challenged the systematic exclusion of __________ blacks from the grand jury that indicted him and the petit jury that convicted him. The Court stated: "whatever his race, a criminal defendant has standing to challenge the system used to select his grand or petit jury, on the ground that it arbitrarily excludes from service the members of any race, and thereby denies him due process of law." Peters, 407 U.S. at 504. ______ 4Powers held that "the Equal Protection Clause prohibits a ______ prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race," Powers, 111 S. Ct. at 1370, ______ that individual jurors have the right not to be excluded from a petit jury on account of race, id., and that a criminal defendant ___ has standing to raise the third-party equal protection claims of jurors excluded on account of their race, id. at 1373. ___ 5Teague held that a new constitutional rule of criminal procedure ______ will not apply retroactively unless it either (1) places certain conduct beyond the power of the criminal law-making authority to proscribe or (2) announces a watershed rule of criminal procedure that implicates the fundamental fairness of the trial and without which the likelihood of an accurate conviction is seriously diminished. Teague, 489 U.S. at 311-13. ______ Since the Rhode Island Supreme Court did not address the equal protection claim, petitioner also suggests that his convic- tion is not final and, therefore, that Teague cannot apply. ______ However, the Rhode Island Supreme Court found, as we do, that petitioner failed to make a prima facie showing of discrimina- tion. See State v. Chakouian, 537 A.2d at 413. It was therefore ___ _____ _________ unnecessary for the court to address the equal protection argu- ment. 5 Powers, the petition for habeas corpus relief founders for ______ failure to establish a prima facie case of racial discrimination under Batson. ______ A. Batson Dicrimination A. Batson Dicrimination ____________________ We assume, without deciding, that petitioner exhausted his remedies in relation to the equal protection claim in the state courts, see Rule 5, Rules Governing 2254 Proceedings, and ___ that both Batson and Powers apply.6 Nevertheless, Batson ______ ______ ______ makes clear that there is no requirement that the prosecution provide a race-neutral explanation for its exercise of peremptory challenges until the defendant has made a prima facie showing of racial discrimination. See Batson, 476 U.S. at 97. The elements ___ ______ of a prima facie showing of racial discrimination in the exercise of the State's peremptory challenges were identified in Batson: ______ To establish such a case, the defendant first must show that he is a member of a cognizable racial group, Castaneda v. Partida, 430 U.S. _________ _______ 482, 494 (1977), and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact . . . that peremptory chal- lenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Avery v. Geor- _____ _____ gia, 345 U.S. 559, 562 (1953). Finally, the ___ defendant must show that these facts and any other relevant circumstances raise an infer- ____________________ 6We note nonetheless that even if the Peters proscription against ______ discrimination in the petit jury empanelment system were held ______ applicable to the prosecution's use of peremptory challenges to exclude two black persons from the petit jury, petitioner pro- duced no evidence that blacks were systematically excluded from ______________ his petit jury, a showing required under Peters. See Peters, 407 ______ ___ ______ U.S. at 504. 6 ence that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination. Id. at 96. All relevant circumstances are to be considered in ___ determining whether the defendant has made the requisite prima facie showing.7 Id. at 96-97. ___ Mixed questions of law and fact arising under 28 U.S.C. 2254, as elsewhere, are entitled to de novo review. Wellman v. __ ____ _______ Maine, 962 F.2d 70 (1st Cir. 1992).8 Under any standard of _____ review, however, petitioner's total reliance on the objection asserted by the defense at trial as a sufficient prima facie showing of racial discrimination clearly fails the test articu- lated in Batson. See Batson, 476 U.S. at 96-97. The record ______ ___ ______ reveals that petitioner interposed no objection until the Rhode Island prosecutor had exercised the State's sixth peremptory challenge and that four white jurors and one black juror were excused on the State's peremptory challenges before the second black juror was challenged. Most importantly, petitioner points ____________________ 7For example, the Supreme Court has suggested that "a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination" and that "the prosecutor's questions and statements during voir dire examina- ____ ____ tion and in exercising his challenges may support or refute an inference of discriminatory purpose." Batson, 476 U.S. at 97. ______ 8Although the Supreme Court recently noted that it has "gradually come to treat as settled the rule that mixed constitutional questions are 'subject to plenary federal review' on habeas," the Court "implicitly questioned that standard, at least with respect to pure legal questions." Wright v. West, 112 S. Ct. 2482, 2489 ______ ____ (1992) (dicta). 7 to no evidence relating to the racial composition of the venire or the empaneled jury. Absent any evidence as to whether other __ black members of the venire were called and seated as jurors, the claim that the State's exercise of its peremptory challenges demonstrates a "pattern" of discrimination impermissibly depends on pure conjecture. Although Powers eliminates the Batson racial ______ ______ identity requirement, it in no way mitigates the defendant's burden to establish a prima facie case of discrimination.9 B. Evidentiary Hearing B. Evidentiary Hearing ___________________ The district court dismissed the section 2254 applica- tion without an evidentiary hearing. The burden was on the petitioner to show that he did not receive due process of law in the state courts for one or more of the reasons identified in 28 U.S.C. 2254(d). Having failed to do so, petitioner was not entitled to an evidentiary hearing. Accordingly, the district court judgment dismissing the application for habeas corpus relief under 28 U.S.C. 2254 must be affirmed. The district court judgment is affirmed. ___ ________ _____ ________ __ ________ ____________________ 9There were two facially neutral grounds for excluding the second black juror. The record reveals that the juror not only had learned about the case through the media but had a close friend who had been the victim of a crime. 8