USCA1 Opinion

 

 October 29, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1016 MICHAEL F. CORCORAN, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Michael F. Corcoran on brief pro se. ___________________ Richard S. Cohen, United States Attorney, Nicholas M. Gess, __________________ _________________ Assistant United States Attorney, and Margaret D. McGaughey, Assistant _____________________ United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Pro se appellant Michael Corcoran ___________ appeals from a district court judgment dismissing his motion to vacate his conviction and sentence under 28 U.S.C. 2255. We affirm. I. Corcoran was convicted upon pleading guilty to three counts of a superseding indictment that charged him with conspiring to possess with intent to distribute cocaine and with the substantive offenses of distributing and possessing with intent to distribute cocaine between June 13 and August 13, 1990. See 21 U.S.C. 841(a)(1), ___ 841(b)(1)(C), 846. The charges stemmed from transactions between Corcoran and various codefendants and undercover agents during that time. Also indicted and convicted on guilty pleas were five other members of the alleged conspiracy: Peter Garuti, Carmen Corcimiglia, Deborah Corcimiglia, and Warren Williams.1 The indictment generally alleged that Garuti obtained cocaine from sources outside Maine and distributed it to Corcoran and Williams. Corcoran allegedly redistributed the cocaine to Carmen Corcimiglia. On December 13, 1990, Corcoran pled guilty to the general charge of conspiracy (count one) and the substantive charges of ____________________ 1. Similar charges against a fifth defendant, George Vokey, were dismissed. -2- distributing cocaine on September 6 and 12, 1990 (counts thirteen and sixteen). There was no plea agreement. Thereafter, the probation department prepared a presentence report which attributed 1015.53 grams of cocaine to Corcoran and recommended a base offense level of 26. The district court held a presentencing conference on May 7, 1991. Defense counsel objected to the 1015.53 grams and argued in favor of 603.16 grams, although this did not change the applicable base offense level. The government agreed to stipulate to this amount. On May 21, 1991, the district court held a sentencing hearing and accepted a stipulation, signed by Corcoran and both counsel, which specified that the total drug quantity applicable to Corcoran was 603.16 grams of a mixture or substance containing cocaine. The district court sentenced Corcoran to 59 months imprisonment plus 4 years of supervised release, and imposed $150 in special assessments. Corcoran did not appeal his sentence.2 In October 1991 Corcoran filed a motion to vacate his conviction and sentence under 28 U.S.C. 2255. The motion asserted three grounds for relief. First, Corcoran claimed that he did not understand the consequences of his plea because he was not made aware that the federal Sentencing Guidelines mandated the inclusion of other ____________________ 2. The prison sentences of the other defendants ranged from 12 to 54 months. -3- defendants' conduct in calculating Corcoran's "relevant conduct" for sentencing purposes. In elaborating on this claim, Corcoran specifically complained that his base offense level (26) included drug quantities attributed to him as a result of a statement made by codefendant Warren Williams to DEA Agent Stephen Georges. This statement was not produced to Corcoran's attorney until after Corcoran pled guilty. _____ Corcoran claimed that consequently, when he changed his plea, he did not know that the drug quantities identified in Agent George's report would be included in calculating his sentence. This, Corcoran asserted, rendered his guilty plea invalid. Corcoran's second 2255 claim alleged that his plea was invalid because the prosecution failed to disclose Agent Georges' report before Corcoran changed his plea, thereby violating Corcoran's right to exculpatory evidence and discovery.3 Finally, Corcoran alleged that his attorney ____________________ 3. Corcoran's 2255 motion incorporated a letter that his counsel sent to the Assistant United States Attorney prosecuting the case. The letter stated, in relevant part: I was quite disturbed to receive your December 17, 1990 letter enclosing the four page typed report of Agent Georges which indicates that it was prepared on October 3, 1990. That report contains information which was not made available to the defendant prior to his decision to plead guilty and which in my opinion should have been. While recognizing that this delay is certainly not your fault personally, I do feel it is a discovery violation and prejudicial to the Defendant and I am requesting that this report not be used in connection with any aspect of Mr. Corcoran's -4- rendered him ineffective assistance by stipulating that 603.16 grams of cocaine were attributable to Corcoran instead of challenging the quantities reported in Williams' statement. Corcoran alleged that his counsel failed to assure that Corcoran's sentence reflected his minor role in the conspiracy.4 Corcoran also alleged that his attorney failed to conduct full discovery, and to raise diminished capacity and entrapment defenses, and erroneously advised him not to appeal his sentence. After the government filed an answer and memorandum in opposition, the district court dismissed the 2255 motion on the grounds that the record of the change of plea hearing conclusively negated Corcoran's assertion that his guilty plea was unlawfully induced and not knowingly ____________________ sentencing. Also attached to the 2255 motion was a letter from defense counsel which forwarded Agent Georges' report to Corcoran and observed: I am sure that you will be as disturbed as I was by the fact that we just received this report ... but this is something I will have to take up with the U.S. Attorney and perhaps eventually with the Judge. ... 4. Corcoran claimed that his base offense level should have been 20, the level that would have applied had defense counsel, in addition to securing the government's stipulation to 603.16 grams, successfully excluded the 368.55 grams identified in Williams' statement. Corcoran argues that his counsel should have insisted that his sentence be limited to 33 months. -5- entered. The court ruled that Corcoran had no right to Agent Georges' report before entering his guilty plea because it was not discovery material but rather a DEA report on a codefendant to which Corcoran had no right under the Jencks Act.5 The court concluded that the absence of merit in Corcoran's first two claims defeated his ineffective assistance of counsel claim. From this order, Corcoran has taken a timely appeal. II. On appeal, Corcoran seeks to vacate his plea and/or sentence essentially because he agreed to plead guilty based on an underestimate of how much cocaine he would ultimately be held responsible for, an underestimate fostered by the government's failure to produce and his counsel's failure to discover Agent Georges' summary of codefendant Williams' post-arrest statement. We conclude that Corcoran's 2255 claims were properly dismissed without an evidentiary hearing because "'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that [Corcoran] is not entitled to relief... .'" Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989), _____ _____________ ____________________ 5. The Jencks Act, 18 U.S.C. 3500(a), in relevant part, provides that, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena (sic), discovery, or inspection until said witness has testified on direct examination in the trial of the case." -6- (quoting Rule 4(b) of the Rules Governing Proceedings in U.S. District Courts under 28 U.S.C. 2255). We sketch the background. Agent Georges' report was a typed summary of the post-arrest statements of codefendant Warren Williams. Paragraphs 9 through 12 of the report indicated that Williams introduced Corcoran to codefendant Peter Garuti and that Williams personally sold Corcoran a total of 6 ounces (170.1 grams) of cocaine that Williams had procured from Garuti. Williams further related that he witnessed Corcoran purchase an additional 7 ounces (198.45 grams) of cocaine directly from Garuti and estimated that, based on his conversations with these defendants, Corcoran had completed at least 10 additional transactions with Garuti, although Williams did not witness them. Corcoran's counsel filed a pre-trial motion seeking all defendants' statements under Fed. R. Crim. P. -7- 16(a)(1)(A).6 The government's response to this motion stated, Although Rule 16(a)(1)(A) ... does not require the production of statements as to coconspirators or codefendants, the United States will not quibble over such issue. The government has agreed to and has in fact, provided to ____________________________ all defendants any statement which is ______________________________________ Rule 16(a)(1)(A) . . . material as to ______________________________________ any defendant . . . [including] ______________ ___________ reports detailing statements to ______________________________________ arresting officers by defendants ______________________________________ Williams and Vokey. (emphasis ________ supplied). In conjunction with this response, which was filed almost two months before Corcoran changed his plea, the government produced the handwritten notes of another DEA agent, Agent Bryfonski, who was also present for Williams' debriefing. ____________________ 6. Federal Rule of Criminal Procedure 16(a)(1)(A) then provided, in relevant part, that: Upon request of a defendant the government shall permit the defendant to inspect and copy ...: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; the substance of any oral statement [which the government intends to offer in evidence at trial] made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged... . -8- Agent Bryfonksi's report was not as detailed as Agent Georges' report. While both reports related that Williams introduced Corcoran to Garuti and sold 6 ounces (170.1 grams) of cocaine to Corcoran, Agent Bryfonski's report failed to describe the other cocaine purchases (partially totalling 198.45 grams) that Williams attributed to Corcoran. Thus, the record discloses that certain details concerning Williams' post-arrest statements were produced to Corcoran's counsel before Corcoran changed his plea. The additional details in Agent Georges' report were produced four days after Corcoran pled guilty and some five months before Corcoran's sentencing. Corcoran did not move to withdraw his plea nor appeal his sentence. The presentence report (p. 24, Objection #7) indicates that Corcoran admitted purchasing the specific quantities (totalling 368.55 grams) identified in Agent Georges' report. The ten additional transactions Williams accused Corcoran of completing directly with Garuti were not part of the district court's assessment of Corcoran's relevant conduct. We analyze Corcoran's claims in light of this record. III. We emphasize that this is not a case involving a plea agreement. Moreover, Corcoran has not alleged that anyone (defense counsel included), made any promises to him ______ concerning the likely sentence he would receive. Rather, -9- Corcoran's claim is that the government failed to produce certain information before he changed his plea, and the absence of this information now renders his plea invalid. "In the absence of an explicit plea agreement, a court must distinguish between the situation where a prosecutor omits information, and where he provides inaccurate or misleading information, in securing guilty pleas." Wellman v. Maine, 962 F.2d 70, 72-73 (1st Cir. _______ _____ 1992). While the government's response to defense counsel's discovery motion might reasonably have led counsel to believe that the government had produced all the codefendants' statements it had, we think this case, like Wellman, involves _______ a simple inadvertent omission by the prosecutor.7 Under these circumstances, "a defendant seeking to set aside a guilty plea must at the very least show that correct information would have made a difference in his decision to plead guilty." Id. at 73, (citing Cepulonis v. Ponte, 699 ___ ______ _________ _____ F.2d 573, 577 (1983)). On this record, we cannot accept Corcoran's conclusory assertion - made for the first time on appeal - that he would not have pled guilty had he known of Agent Georges' report. Corcoran cites the report's reference to the facts that Williams introduced Corcoran to Garuti and ____________________ 7. This conclusion is supported by defense counsel's letter to the prosecutor, which observed that the delay in the production of Agent Georges' report was not the prosecutor's fault. -10- initially procured cocaine for Corcoran, as "evidence favorable" to Corcoran. While such evidence might have been used to portray Williams as the more culpable of the two,8 the substance of Georges' report was far more inculpatory than exculpatory of Corcoran. The report provided no basis to construct a defense that might have been a plausible alternative to pleading guilty. Moreover, this part of Williams' statement had, in fact, been produced to defense counsel in Agent Bryfonski's report. Where Corcoran had ample time to challenge any inaccuracies in the report before sentencing, and the allegedly exculpatory portions of Williams' statement were available to defense counsel before Corcoran changed his plea, Corcoran's conclusory allegation that he was prejudiced by the tardy production of Agent Georges' report is conclusively refuted by the record. The district court dismissed this claim on the ground that Agent Georges' report was not subject to pretrial discovery under the Jencks Act. While this court has yet to address the issue, other circuits have held that coconspirators' statements are not discoverable under Fed. R. Crim. P. 16(a)(1)(A). See, e.g., United States v. Orr, 825 ___ ____ _____________ ___ F.2d 1537, 1541 (11th Cir. 1987); United States v. Roberts, ______________ _______ ____________________ 8. We note that at Corcoran's sentencing the prosecutor expressly stated that, if anything, Corcoran was less culpable than Williams. (Tr. 37). Corcoran's sentence was longer than Williams because Corcoran had a more significant criminal history and had not cooperated with the government. -11- 811 F.2d 257, 258 (4th Cir. 1987) (en banc). See also 8 ___ ____ Moore's Federal Practice, 16.04[1][a], p. 16-64 ("A _________________ defendant may discover only his own statements, not those of a codefendant." (footnote omitted)). We need not resolve this point on appeal. Insofar as Corcoran asserts a violation of Rule 16(a)(1)(A), his claim is subject to the general rule that "nonconstitutional claims may not be presented in a section 2255 proceeding unless 'the claimed error of law [represents] "a fundamental defect which inherently results in a complete miscarriage of justice."'" Barrett v. United States, 965 F.2d 1184, 1188 (1st Cir. 1992) _______ _____________ (citations omitted). On this record, we have no hesitation in holding that the government's failure to produce Agent Georges' report before Corcoran pled guilty did not result in a miscarriage of justice. To be sure, a defendant who pleads guilty has a right to know the nature of the charges against him and the possible punishment he faces. Iaea v. Sunn, 800 F.2d 861, ____ ____ 866 (9th Cir. 1986). Toward that end, Fed. R. Crim. P. 11(c)(1) requires that district judges determine that defendants understand: . . . the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart -12- from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; . . . The record of Corcoran's change of plea hearing establishes that the district judge satisfied these requirements. He advised Corcoran that upon conviction he would be subject to imprisonment up to twenty years, a fine of up to $1 million (or any combination of the two), a minimum of three years supervised release, and $150 in special felony assessments. Corcoran acknowledged that he understood these penalties. He also acknowledged that he had conferred with counsel concerning the likely application of the Sentencing Guidelines to his case. Although that "likely application" was not discussed in terms of specific guidelines, Corcoran acknowledged that he understood the court could not determine the applicable guideline sentence until after the presentence report was prepared. Corcoran _____ denied that any promises had been made to him concerning the sentence the court would impose. Having reviewed the entire record, we are satisfied that Corcoran's plea was a voluntary and intelligent act.9 ____________________ 9. Rule 11 does not require district courts to advise defendants how their "relevant conduct" might be determined under the Sentencing Guidelines. Such a requirement often would be unworkable, for, as the Advisory Committee notes to the 1989 Amendment to Rule 11 observe, "it will be impracticable, if not impossible, to know which guidelines will be relevant prior to the formulation of a presentence -13- Finally, Corcoran has failed to state a basis to set aside his plea based on the alleged ineffective assistance of his counsel. Corcoran argues that defense counsel led Corcoran to believe he would only be held responsible for cocaine quantities related to the counts to which he pled guilty and that counsel's failure to discover Agent Georges' report resulted in a concomitant failure to advise Corcoran precisely how his "relevant conduct" would be determined. But the record discloses that defense counsel discovered part of the quantities Williams attributed to Corcoran through Agent Bryfonski's report. Even if we assume that, absent Agent Georges' report, defense counsel erred in estimating the applicable guideline, a mere inaccurate prediction as to a defendant's likely sentence does not constitute ineffective assistance. See, e.g., United States ___ ____ _____________ v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990); United _________ ______ States v. Pallotta, 433 F.2d 594, 595 (1st Cir. 1970). Where ______ ________ Corcoran admitted purchasing the quantities identified in Agent Georges' report, there was no basis for defense counsel to challenge their inclusion at sentencing. Indeed, such a challenge would have been inconsistent with the notion of acceptance of responsibility, for which Corcoran received a two level downward adjustment. We also discern no error in defense counsel's advice that Corcoran not appeal his ____________________ report and resolution of disputed facts... ." -14- sentence. Corcoran's remaining ineffective assistance claims are patently meritless. While Corcoran's 2255 motion asserted that he was drug dependent when he committed these crimes, the presentence report contradicts this assertion and indicates that, despite a history of drug and alcohol abuse, Corcoran had stopped drinking in 1987 and stopped using cocaine in June 1990. Defense counsel's alleged failure to explore a diminished capacity or entrapment defense was not ineffective assistance.10 Judgment affirmed. _________________ ____________________ 10. Corcoran does not allege that he was under the influence of drugs or alcohol when he changed his plea. -15-