**Charles PALMER, Petitioner, Appellant,**

v.

**UNITED STATES, Respondent, Appellee.**

No. 02–1181.

United States Court of Appeals, First Circuit.

Sept. 9, 2002.

Charles Palmer on Motion to Expand Certificate of Appealability pro se.

Before SELYA, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

Charles Palmer seeks to appeal from the denial of his motion pursuant to 28 U.S.C. § 2255. The district court granted him a certificate of appealability ("COA") as to only one of the issues that he raised in his § 2255 motion: "whether counts I and IV were multiplicitous in violation of the double jeopardy clause." Palmer has moved in this court to expand the COA to include all of the issues that he raised in his § 2255 motion. In order either to obtain or to expand a COA, Palmer must make a "substantial showing of the denial of a constitutional right" with respect to each issue that he seeks to raise on appeal. 28 U.S.C. § 2253(c).

I. *Procedurally Defaulted Claims*

Palmer relies upon ineffective assistance of counsel to establish cause to excuse his procedural defaults. He is required to show, with respect to each alleged error, "that his attorney's representation was objectively unreasonable under prevailing professional norms and cannot be reconciled with sound strategy." *Prou v. United States*, 199 F.3d 37, 48 (1st Cir.1999). In addition, "in order to show prejudice sufficient to overcome a procedural default, a habeas petitioner 'must convince us that there is a reasonable probability that the result of the trial would have been different' absent the error." *Id.* at 49 (quoting *Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

### A. *Exclusion of Public (Including Family Member) from Courtroom During Jury Selection*

■ We agree with the district court that Palmer has failed to provide adequate factual support for his claim that the public was ordered to leave the courtroom during jury voir dire. The court confirmed that there had been no written or oral order by the court excluding anyone from the courtroom during voir dire. An affidavit by the prosecuting attorney denies that he ordered anyone to leave the courtroom. Palmer has failed to submit affidavits by his family members (who were allegedly excluded) or his defense counsel supporting his allegations. Under these circumstances, defense counsel's failure to raise this issue in the district court or on direct appeal did not constitute ineffective assistance of counsel.

### B. *Juror Bias*

■ Palmer claims that there was a possibility of bias by one of the jurors who served on his case and that when he brought it to counsel's attention, he was told that it was a matter to be raised on direct appeal. Such advice, if given, may have been deficient. *See United States v. Rowe,* 144 F.3d 15, 20 (1st Cir.1998) (stating that failure to raise claim of juror bias until after trial constitutes waiver of claim). However, Palmer has not made a substantial showing that, absent the error, "there is a reasonable probability that the result of the trial would have been different." *Prou,* 199 F.3d at 49. We agree with the district court that his claim of juror bias is "highly speculative." Therefore, it is unlikely that, had defense counsel raised the issue, the juror would have been disqualified. *See United States v. Uribe,* 890 F.2d 554, 560–61 (1st Cir.1989). It is even more unlikely that failure to raise the issue affected the outcome of the trial.

### C. *Alleged Confrontation Clause Violation: References to Co–Conspirator's Confession*

■ In his § 2255 motion, Palmer argued that his constitutional right to confront witnesses against him was violated by permitting the prosecutor to refer to co-conspirator Talbot Curtin's taped confession. For the reasons stated by the district court, we conclude that Palmer was not prejudiced by the admission of references to Curtin's statement. Moreover, the record indicates that defense counsel first referred to Curtin's statement in his opening. Bearing in mind that the defendant had been the first to introduce the subject, defense counsel's performance was not deficient either in failing to object when the government made reference to Curtin's taped confession or in failing to raise the issue on direct appeal.

### D. *Alleged Prosecutorial Misconduct in Denying Immunity to Curtin*

■ Palmer claims that the prosecutor's failure to grant immunity after co-conspirator Curtin claimed his Fifth Amendment right not to testify, and his admitted warnings to Curtin that if he testified contrary to his plea he could be prosecuted for obstruction of justice or perjury, constituted prosecutorial misconduct. The district court found that there had been no intentional prosecutorial misconduct. Defendant did not pursue the issue on direct appeal, and it is procedurally defaulted. In all events, Palmer has failed to show a reasonable probability that the result of the trial would have been different had Curtin testified. As we noted on direct appeal, the proof against Palmer was "very strong: a taped confession, supported by independent corroborating evidence from

an eye-witness and a video surveillance camera." *United States v. Palmer*, 203 F.3d 55, 59 (1st Cir.2000).

E. *Prosecutor's Allegedly Improper Comments During Closing Argument*

■ Palmer claimed in his § 2255 motion that certain comments by the prosecutor during closing argument improperly referenced his failure to testify, shifted the burden of proof, and misstated the evidence. The claim of improper witness vouching by the prosecutor during closing argument was raised on direct appeal. *Id.* at 58. Having been disposed of on direct appeal, that claim will not be reviewed again by way of a § 2255 motion. *See Singleton v. United States*, 26 F.3d 233, 240 (1st Cir.1994).

■ The remaining three comments which Palmer argues improperly referenced his failure to testify and shifted the burden of proof were appropriate responses by the government to the defense's failure to produce evidence supporting a specific theory advanced by the defendant.

> When a defendant advances a 'theory of the case,' . . . this opens the door to an appropriate response by the prosecution, commenting on the 'quality of his . . . witnesses or . . . attacking the weak evidentiary foundation on which the defendant's theory of the case rested.' . . . [T]he government, in its response, has some leeway to comment on the defendant's failure to produce evidence supporting the defendant's stated theory.

*United States v. Roberts*, 119 F.3d 1006, 1014–15 (1st Cir.1997). The failure to object to those comments at trial and/or on direct appeal did not constitute ineffective assistance of counsel.

■ Palmer also objected that the prosecutor had misstated the evidence during closing argument by identifying Palmer as the person who appears in a video surveillance tape depicting one of the stores shortly before it was robbed. Based upon our careful review of the entire record, we conclude that it is unlikely that any prejudice surviving the judge's curative instruction regarding misstatements of evidence could have affected the outcome of the case. *See United States v. Lowe*, 145 F.3d 45, 50 (1st Cir.1998).

II. *Ineffective Assistance of Counsel Claims*

A. *Failure to Call Certain Witnesses*

■ Palmer claims in his § 2255 motion that his trial counsel's failure to investigate and call certain witnesses to testify in his defense constituted ineffective assistance of counsel. "The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir.1993). We agree with the district court's assessment that "[i]n view of what the petitioner claims these witnesses would have testified to, they would have added little if anything to the defense of this case." The decision not to pursue these witnesses fell within the range of reasonable professional assistance. "Counsel need not chase wild factual geese when it appears, in light of informed professional judgment, that a defense is implausible or insubstantial." *Cepulonis v. Ponte*, 699 F.2d 573, 575 (1st Cir.1983).

B. *Failure to Persuasively Argue in Favor of a Downward Departure*

The transcript of the sentencing hearing reveals that defense counsel presented a cogent argument that Palmer was entitled to a downward departure from the guideline sentencing range because of the repeated sexual abuse he suffered as a

youth. Counsel cannot be faulted for the district court's discretionary judgment that, despite Palmer's history of abuse, the case did not fall outside the "heartland" of robbery cases. There was no ineffective assistance of counsel in this regard.

### C. Ineffective Assistance of Appellate Counsel

Palmer argues in his § 2255 motion that he received ineffective assistance of appellate counsel because his attorney "failed to raise substantially meritorious claims and instead raised weak meritless claims." Palmer has failed to make the requisite "showing that a particular non-frivolous issue was clearly stronger than issues that counsel did present." *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756(2000). A possible exception may be the issue of the multiplicitous indictment. However, the district court already has granted a COA with respect to that issue, including the question whether counsel was ineffective for failing to raise it below or on appeal. We take no view of that issue today.

Palmer's motion to expand the COA granted by the district court is *denied*. His pending motions for stays are *denied as moot*. A briefing schedule will be set forthwith for appeal of the single issue for which the district court has granted a COA.

*So ordered.*