**STATE of Maine**

v.

**Shawn WILLIAMS.**

Supreme Judicial Court of Maine.

Argued May 7, 1986.

Decided June 5, 1986.

John R. Atwood (orally), Dist. Atty., Rockland, for plaintiff.

Newcomb & Pyne, Frederick M. Newcomb, III (orally), Rockland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Shawn Williams appeals from the judgment of the Superior Court, Knox County, entered on a jury verdict of guilty of assault on an officer in violation of 17–A M.R.S.A. § 752–A (1983 & Supp. 1985–1986). Because of the failure to show excusable neglect for the untimely filing of the notice of appeal, we dismiss the appeal.

#### I.

On September 13, 1985, in the presence of Williams and his counsel, the Superior Court adjudged Williams guilty of an assault on an officer and imposed sentence. A notice of the right of appeal was handed to him. On the same day the judgment of conviction was entered on the docket. On October 7, 1985, 24 days after the entry of judgment, Williams filed a notice of appeal. On October 22, Williams filed a motion for extension of time for filing the notice of appeal and requested a non-testimonial hearing on his motion. The motion alleged that Williams had conferred with his counsel after the sentencing, and indicated to him he did not wish to appeal. It further alleged that Williams had been "distraught" and "agitated" and "may not have fully appreciated the consequences of his decision." "[O]n or about October 3" Williams contacted his counsel by telephone and indicated that he now wished to appeal; however, his counsel was unable to accomplish the filing before the expiration of the appeal period on October 3.

Without objection from the State the court granted Williams's motion to extend the time for filing a notice of appeal. The record does not affirmatively show that any hearing was held or that the court made a finding of excusable neglect.

#### II.

An appeal is taken by filing a notice of appeal with the clerk of the Superior Court. M.R.Crim.P. 37(a). An appeal may be taken within 20 days after entry of judgment. M.R.Crim.P. 37(c) [para. 1]. Prior to 1967 Rule 37 did not provide for an extension of the time to file the notice of appeal, but was then amended to allow for an extension upon a showing of excusable neglect. M.R.Crim.P. 37 advisory committee note to 1967 amendment, 1 D. Cluchey & M. Seitzinger, *Maine Criminal Practice* 37-7—37-8 (1985). M.R.Crim.P. 37(c) [para. 3] provides:

Except when prohibited by statute, upon a showing of excusable neglect, the court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph.

The purpose of this amendment was to grant authority to the Superior Court, on a showing of excusable neglect, to extend the time for filing a notice of appeal and to make the practice in criminal cases consistent with that in civil cases[1] and with the federal procedural rules.[2] Advisory committee note, 1 D. Cluchey & M. Seitzinger, *supra*, at 37-8. The court may not extend the time for taking an appeal under Rule 37 "except to the extent and under the conditions stated in [that rule]." M.R. Crim.P. 45(b).

Although neither party raised the issue of the timeliness of the appeal, we will consider on our own motion whether an extension of time to appeal was properly

---

1. The corresponding civil rule, M.R. Civ. P. 73(a)(1), provides in pertinent part:

    [U]pon a showing of excusable neglect the court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed.

2. The quoted sentence of Maine Criminal Rule 37(c) was taken almost verbatim from the corresponding sentence of former Fed.R.Crim.P. 37(a)(2) added in 1966. *See* 3 C. Wright, *Federal Practice and Procedure* § 621 at 532–33 n. 2 (1982). The former federal criminal rule without change of substance became Rule 4(b) of

granted. *See State v. One 1977 Blue Ford Pick-Up Truck,* 447 A.2d 1226, 1229 (Me. 1982). The standard for establishing excusable neglect is a strict one. *See Begin v. Jerry's Sunoco, Inc.,* 435 A.2d 1079, 1081–82 (Me.1981); *Elliott v. State,* 626 P.2d 1044, 1049 (Wyo.1981) (appeal dismissed for late filing of brief; "[e]xcusable neglect is measured on a strict standard to take care of genuine emergency conditions such as death, sickness [and] undue delay in the mail"). We have noted in the context of civil litigation that when "the neglect is that of the party charged to act, some extraordinary circumstance must be proven to justify excuse of such neglect." *One 1977 Blue Ford,* 447 A.2d at 1231. *See also Eaton v. LaFlamme,* 501 A.2d 428, 429 (Me.1985) (excusable neglect "is not easily proved and is not to be lightly found").

In the instant case Williams has not alleged facts sufficient to sustain a finding of excusable neglect. While he may have been distraught on September 13, no showing was made that he was unable to contact his counsel prior to October 3, or that his counsel was unable to contact him when he was in a calmer frame of mind, nor has it been shown why he was unable to file the notice of appeal on October 3. *See Buckley v. United States,* 382 F.2d 611 (10th Cir.1967) (counsel's press of business and miscomputation of time not "excusable neglect" under federal rule), *cert. denied,* 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968).

We hold therefore that Williams has failed to show excusable neglect for which the trial court could extend the time beyond October 3, 1985, for filing a notice of appeal in this case.

The entry is:

Appeal dismissed.

All concurring.

the present Federal Rules of Appellate Procedure, reading in pertinent part as follows:

> Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

*See 9 Moore's Federal Practice* ¶ 204.19 (1985).