Bruce D. WELLMAN

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued Jan. 31, 1991.

Decided March 15, 1991.

As Modified May 6, 1991.

David P. Silk (orally), Curtis Thaxter Stevens Broder and Micoleau, Portland, for plaintiff.

Joseph A. Wannemacher (orally), Asst. Atty. Gen., Augusta, for the State.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

The State of Maine appeals from a judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) in a post-conviction review proceeding[1] that allowed Bruce D. Wellman, the petitioner, to withdraw his guilty pleas upon which his convictions were based. Wellman cross-appeals based on the State's alleged procedural default.

In 1985, pursuant to the Interstate Compact on Detainers, 34-A M.R.S.A. §§ 9601–

---

1. *See* 15 M.R.S.A. §§ 2121–2132 (Supp.1990); M.R.Crim.P. 65–78.

9636 (1988), Wellman, while serving a New Hampshire prison sentence, was brought to Maine to be tried for crimes of burglary, theft and robbery, for which he had been indicted in eight different Maine counties. In September 1986, following discussions with prosecutors and pursuant to a plea agreement, Wellman entered pleas of guilty to thirty-four different counts of burglary, theft and robbery, arising from charges in Cumberland, Knox, Lincoln and Sagadahoc Counties.[2] At the time of the pleas, he was still in execution of his New Hampshire sentence but was being held in the Cumberland County Jail. He was discharged from the New Hampshire sentence in November 1986, but remained at the Cumberland County Jail awaiting sentencing in his Maine cases. In April 1987, the Superior Court (*Lipez, J.*) in conformity with the plea agreement sentenced Wellman to twenty years' imprisonment, with all but nine years suspended, followed by three years of probation.

■ Wellman initially was given pretrial detention credit toward his sentence for the entire time he spent in the Cumberland County Jail before sentence was imposed. Subsequently, the Maine State Prison, noting that Wellman was in execution of a New Hampshire sentence for most of the time he was in Maine awaiting trial, recalculated his sentence pursuant to 17–A M.R.S.A. § 1253(2) (Supp.1990),[3] crediting him with 140 days rather than the previously credited 686 days for pretrial detention.[4]

Wellman filed a petition for post-conviction review, later amended, alleging that the failure to credit him with all the time spent in the Cumberland County Jail violated the terms of his plea agreement, that the plea agreement could not be complied with, and that the State had given him false information about the terms of a plea agreement the State made with one of Wellman's co-defendants who was a potential prosecution witness against Wellman.[5] The State's answer to the petition was not filed within twenty days after notice that the amended petition had been filed, but the Superior Court (*McKinley, J.*) subsequently granted the State's motion for additional time in which to answer the petition.

After a testimonial hearing on Wellman's post-conviction petition, the court found that at the time of the plea agreement, Wellman subjectively expected that his sentence would be fully credited for all pretrial time spent incarcerated in Maine, and that his subjective belief was objectively reasonable. The court concluded that even though Wellman's expectation was "neither legally correct[6] nor part of the plea agreement ...," the pleas were involuntary and

---

2. The charges were consolidated for purposes of the pleas. Wellman had other convictions, also based on guilty pleas, for offenses in Somerset, Franklin, Androscoggin and York Counties that are not at issue in this appeal.

3. 17–A M.R.S.A. § 1253(2) reads in pertinent part:

> 2. Each person sentenced to imprisonment who has previously been detained for the conduct for which the sentence is imposed in any state correctional facility or county institution or facility or in any local lockup awaiting trial, during trial, post-trial awaiting sentencing or post-sentencing prior to the date on which the sentence commenced to run ... *and not in execution of any other sentence of confinement,* shall be entitled to receive a day-for-day deduction from the total term of imprisonment required under that sentence. (Emphasis added.)

4. Wellman does not dispute the correctness of the prison's calculation of time, nor does he challenge the authority of the prison to recalculate his sentence. We note, however, that the sentencing court receives a statement of time of detention and makes it a part of the official record pursuant to 17–A M.R.S.A. § 1253(2) (Supp.1990). Any changes to the amount of detention time credited to a sentence must be sent to the clerk and become part of the official record.

5. The Superior Court did not address the allegation pertaining to the plea agreement of the co-defendant in its decision granting Wellman's post-conviction petition. We have examined the contention and conclude that Wellman has not alleged a sufficient nexus between his plea and that of the co-defendant to make the co-defendant's case relevant to Wellman's.

6. Under 17–A M.R.S.A. § 1253(2), Wellman was not entitled to pretrial detention credit for the time spent in the Cumberland County Jail in execution of his New Hampshire sentence. *See supra* note 2.

allowed Wellman to withdraw them. The State has appealed the court's order, and Wellman has cross-appealed the court's granting of the State's motion for extension of time within which to file an answer.

### Wellman's Cross-appeal

■ In his cross-appeal, Wellman contends that we should not reach the substantive merits of the State's appeal because the court failed to default the State and erroneously granted its motion to extend the time within which to answer his petition. We disagree.

Post-conviction proceedings frequently are filed pro se. Often the petitions have to be amended for cognizable grounds for relief to be properly alleged and to insure that all legitimate grounds for relief are stated. Any grounds for relief that can be raised but are not raised in the petition are deemed waived and cannot be raised in subsequent petitions. 15 M.R.S.A. § 2128(3); *McEachern v. State*, 456 A.2d 886, 889 (Me.1983). Responses from the State are required so that the issues in dispute may be identified. The response may be in the form of an answer, a motion to dismiss, or a notice that the State does not contest the petition, *see* M.R.Crim.P. 71, and need not be filed until ordered by the court, or until the petition is amended or there is a notification that no amended petition is to be filed. M.R.Crim.P. 70(c)(1) & (2). Rule 70(c) provides that the State must respond to the petition within twenty days of receipt of a copy of the order, the amended petition, or the notification that no amended petition is to be filed. Pursuant to M.R.Crim.P. 45(b) and 71, the time to respond to the petition may be enlarged after the expiration of the twenty-day re-

sponse period, upon a showing of excusable neglect.[7]

Unlike other rules governing timeliness in civil cases, *see, e.g.,* M.R.Civ.P. 8(d), 12(h), 55, there are no express provisions for defaulting the State in a post-conviction proceeding. Indeed, it is in the interest of the public and helpful to the court for the State to be an active participant in post-conviction proceedings. Although the State may be subject to default and precluded from contesting the allegations in a post-conviction petition on the basis of timeliness, such defaults are not automatic, but rather are subject to the sound discretion of the court. In this case, the court granted the State's motion for an extension of time to file its response after a full hearing at which the reason for the State's delay was disclosed.[8] We discern no abuse of the court's discretion in allowing the State to file a response.

### State's Appeal

■ In its appeal, the State does not dispute the factual findings made by the Superior Court. The State contends, however, that the court erred in concluding that Wellman's understanding as to his entitlement to pretrial detention credit rendered his pleas involuntary. Because Wellman's expectation was concerning a matter collateral to his sentence, was not a part of the plea agreement, and was not caused by any misrepresentation that it was part of the plea agreement, we agree with the State and vacate the judgment.

■ M.R.Crim.P. 11 requires the court, prior to acceptance of a guilty plea, to insure that the plea is made knowingly, that the plea is voluntary and that there is a factual basis for the charge.[9] The court

---

7. Prior to the twenty-day period, the court may extend the time for good cause shown. M.R. Crim.P. 45(b).

8. The State was awaiting the preparation of a transcript, ordered by Wellman, from an earlier hearing on a motion filed by Wellman pursuant to M.R.Crim.P. 35 to correct or reduce his sentence. The State contended that some of the testimony at the hearing was crucial to a determination of whether the credit for pretrial de-

tention was part of the plea agreement and would have affected the State's answer.

9. M.R.Crim.P. 11(b)–(e) provide:

    **(b) Prerequisites to Accepting a Plea of Guilty or Nolo Contendere to a Class C or Higher Crime.** In all proceedings in which the offense charged is murder or a Class A, Class B, or Class C crime, before accepting a plea of guilty or nolo contendere, the court shall insure:

fully complied with the requirements of Rule 11 at the time Wellman entered his guilty pleas. The court informed Wellman of the direct sentencing consequences of his pleas and later imposed a sentence consistent with the plea agreement. There is no requirement under Rule 11 that the court inform the defendant of each and every *collateral* consequence of his plea and the resulting sentence, such as where he is to be incarcerated, what good time credits he may be entitled to earn, or to what pretrial detention credit he may be entitled. *See United States v. Bouthot*, 878 F.2d 1506, 1511–12 (1st Cir.1989); *United States v. Fernandez*, 877 F.2d 1138, 1143 (2d Cir.1989); *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985).

A plea is voluntary if it is "the product of a defendant's free choice and not the result of force, threats or promises other than those in connection with a plea agreement." M.R.Crim.P. 11(d). Wellman's subjective belief as to his entitlement to credit for all the time he was incarcerated in Maine was the basis for the post-conviction court's conclusion that his pleas were involuntary. That misunderstanding concerning credit for the entire time of his incarceration in Maine did "not result from force, threats or promises." Moreover, credit for time served was not an explicit part of the plea agreement and Wellman's expectation was not caused by any misrepresentation that it was part of the agreement. *Cf. McAleney v. United States*, 539 F.2d 282, 284 (1st Cir.1976) (guilty plea involuntary when defendant mistakenly told there was plea agreement).

The Superior Court erred in concluding that Wellman's otherwise voluntary pleas were made involuntary by his subjective misunderstanding as to his entitlement to credit for pretrial detention in Maine, when that entitlement was not part of the plea agreement and was not induced by misrepresentation.

The entry is:

Judgment vacated. Remanded to Superior Court for denial of Petition for Post-conviction Review.

ROBERTS, WATHEN, GLASSMAN and BRODY, JJ., concur.

COLLINS, Justice, dissenting.

I respectfully dissent. In my view, allowing the State to ignore its obligation to respond in a timely fashion, to obtain an enlargement of time in which to respond, or to demonstrate excusable neglect is patently unfair. In view of the State's proce-

---

(1) That the plea is made with knowledge of the matters set forth in subdivision (c); and

(2) That the plea is voluntary within the meaning of subdivision (d); and

(3) That there is a factual basis for the charge, as provided in subdivision (e); and

(4) That an unrepresented defendant has waived the defendant's right to counsel.

**(c) Insuring That the Plea is Made Knowingly.** Before accepting a plea of guilty or nolo contendere, the court shall address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The elements of the crime charged, the maximum possible sentence and any mandatory minimum sentence; and

(2) That by pleading guilty or nolo contendere the defendant is relinquishing the right to a trial, at which the defendant would have the following rights:

(A) The right to be considered innocent until proven guilty by the state beyond a reasonable doubt; and

(B) The right to a speedy and public trial by the court or by a jury; and

(C) The right to confront and cross-examine witnesses against the defendant; and

(D) The right to present witnesses on the defendant's behalf and the right to either be or decline to be a witness on the defendant's behalf.

**(d) Insuring That the Plea is Voluntary.** Before accepting a plea of guilty or nolo contendere, the court shall determine that the plea is the product of the defendant's free choice and not the result of force, threats or promises other than those in connection with a plea agreement.

The court shall make this determination by addressing the defendant personally in open court.

The court shall inquire as to the existence and terms of a plea agreement, as provided in Rule 11A.

**(e) Insuring That There is a Factual Basis for the Plea.** Before accepting a plea of guilty or nolo contendere, the court shall make such inquiry of the attorney for the state as shall satisfy it that the state has a factual basis for the charge.

dural default, I would vacate the judgment and remand for the entry of an order granting Wellman credit toward his sentence for pretrial detention time served.

The majority rationalizes disregarding the State's default on the basis that post-conviction review petitions are often filed *pro se*, and often must be amended for cognizable grounds for relief to be properly alleged and all legitimate grounds stated. I fail to see what that rationale has to do with the facts of this case. Wellman's *pro se* petition for post-conviction review alleged a violation of the plea bargain, which he claimed included a provision for credit for all jail time served. That allegation is a cognizable, properly stated ground for post-conviction relief. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Subsequently, *through counsel*, Wellman filed an amended petition. Even *after* he had filed an amended petition prepared by an attorney, however, the State did not answer within the 20–day deadline imposed by M.R.Crim.P. 70(c), nor did it move for an enlargement of time pursuant to M.R. Crim.P. 71 and 45(b) within the 20–day period.

Wellman moved for a judgment based on the State's default, pursuant to M.R. Crim.P. 57(a).[1] Only then did the State move for additional time to answer the petition. The court's order granting the State's motion made no finding of excusable neglect as required by M.R.Crim.P. 45(b) and 71. *That* order—not Wellman's motion for a default judgment, which was never ruled upon—is the subject of Wellman's cross-appeal. He contends the court abused its discretion in granting the State's motion for additional time to file a response to the petition, because the State failed to demonstrate, and the court did not find, any excusable neglect. I agree.

Although the court's decision as to whether excusable neglect has been shown is reviewable only for abuse of discretion, our standard for excusable neglect has heretofore been extremely strict, in criminal as in civil cases. *State v. Williams*, 510 A.2d 537 (Me.1986); *State v. One 1977 Blue Ford Pick–Up Truck*, 447 A.2d 1226, 1229 (Me.1982). Moreover, a claim of excusable neglect requires some factual showing. Bare representations of counsel to the court are inadequate factual support where the fact is contested. *Cf. One 1977 Blue Ford Pick–Up Truck*, 447 A.2d at 1230 n. 7 (factual representations stipulated to by both attorneys).

The court's order did not even mention excusable neglect. Nor did the court find any facts constituting excusable neglect. No affidavit or other factual showing supported such a claim. Although we generally presume that the Superior Court made all findings of fact necessary to its order, the record in this case provided no basis upon which the court could have found excusable neglect. The majority intimates that the State's bare allegation, after the fact, that it was awaiting the preparation of a transcript excuses not only its failure to file a timely response but also its failure to file a timely motion for enlargement of time in which to respond. I cannot agree. I fear that the majority, without saying so, is overthrowing our existing standard for excusable neglect. *See One 1977 Blue Ford Pick–Up Truck*, 447 A.2d at 1229.

The State further contends, and the majority apparently agrees, that the Superior Court properly granted its motion for enlargement of time after the expiration of the 20–day response period, even absent a finding of excusable neglect, because "no rational purpose is served" by requiring the State to respond before it completes its factual investigation. That argument ignores the plain, mandatory language of Rule 70, and the fact that Rules 71 and 45(b) provide a specific mechanism for obtaining an enlargement of time for a response.

In my view, we should not allow the State the benefit of an indefinite delay in filing the response, contrary to the require-

---

**1.** M.R.Crim.P. 57(a) was deleted effective June 1, 1989. The substance of the rule is now contained in M.R.Crim.P. 1(c). *See* M.R.Crim.P. 57 advisory committee's note to 1989 amendment, 2 Cluchey & Seitzinger, *Maine Criminal Practice* 57–2 (Supp.1990).

ment of Rule 70(c). A primary function of the response is to give notice whether the state will contest the petition at all. *See* 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 71.3 at 71–5 (1987 & Supp.1990). I believe the Superior Court lacked discretion to grant the State's motion without finding excusable neglect. M.R.Crim.P. 45(b); *see also State v. MacLean,* 560 A.2d 1088, 1090 (Me.1989).

The State argues that, if the facts alleged by the petitioner conflict with the record, then the court "should not be required to ignore the record of the case." Because a post-conviction review proceeding is separate from the criminal prosecution involved, however, no such record exists until the State generates it by filing its response. "The respondent may annex to its response or file with its response whatever further documents it believes may assist the assigned justice in determining the issues raised by the petition." M.R.Crim.P. 71. Those "further documents" are typically—as here—materials from the file of the underlying criminal prosecution. *See* 2 Cluchey & Seitzinger, § 71.3 at 71–6. In my view, the State should not be allowed to evade so easily the burden of production that is squarely placed on it by Rule 71.

The State has contended that Wellman is without remedy for its dilatory response. It is true that the Maine Rules of Criminal Procedure, unlike the cognate civil rules, do not provide explicitly for a remedy in the case of default. *Compare* M.R.Crim.P. 45(b), 70, 71 *with* M.R.Civ.P. 8(d), 12(h), 55. Our rules are not meant to be mere suggestions, however, and I would decline to allow the State to defy them with impunity. The effect of the State's unexcused late response, I believe, should be as if no response had been filed; the factual allega-

tions in the petition should be taken as admitted. *Cf.* M.R.Civ.P. 8(d).[2]

Taking the allegations in Wellman's petition as admitted, I would conclude that the proper relief is to enforce the plea bargain agreement. 15 M.R.S.A. § 2130 (Supp. 1990); *see also Workman v. United States,* 337 F.2d 226, 227 (1st Cir.1964). I would therefore remand for entry of a judgment granting Wellman credit toward his sentence for pretrial detention time served.[3]

---

2. The majority suggests that refusal to grant a default for failure to file a timely response—even an unexcused failure like the one here—rests in the sound discretion of the Superior Court. I agree. *Cf. Westbrook v. Wallace,* 478 A.2d 687, 689–90 (Me.1984) (affirming trial court's dismissal of action for attorney's failure to appear on trial date); *McNutt v. Johansen,* 477 A.2d 738, 740 (Me.1984) (affirming denial of motion to strike default based on failure to file an answer). But that proposition is inapposite here, because the court never ruled upon Well-

man's motion for a default judgment. The appropriateness of dismissal as a remedy for procedural default is simply not at issue in this case.

3. The exclusive list of remedies in the post-conviction review statute explicitly provides for "entry of an order altering the amount of time that a person incarcerated under a sentence has served or must serve." 15 M.R.S.A. § 2130 (Supp.1990).