210-13

5/10

STATE OF MAINE                           SUPERIOR COURT
KENNEBEC, ss.                            Docket No. 11-CR-028

KEVIN COLLINS,

    Petitioner

                          **DECISION AND ORDER**

    v.

STATE OF MAINE,

    Respondent

This matter is before the Court on Petitioner Kevin Collins' request for post-conviction relief. In this matter, Petitioner seeks relief from his convictions in the matters of *State v. Kevin Collins* (AUGSC-CR-09-6) and *State v. Kevin Collins* (AUGSC-CR-09-232).

On March 4, 2010, Petitioner plead guilty in AUGSC-CR-09-6 to one count of Aggravated Trafficking in Scheduled Drugs (Class B), and admitted a count of Criminal Forfeiture of Property. Petitioner also plead guilty or nolo in AUGSC-CR-06-232 to one count of Receiving Stolen Property (Class B), seven counts of Burglary (Class B), one count of Theft (Class B), two counts of Theft (Class C), one count of Theft (Class D), one count of Theft (Class E), one count of Criminal Mischief (Class D), and one count of Criminal Conspiracy (Class C). In accordance with the parties' recommendation, the Court sentenced Petitioner to 15 years to the Department of Corrections.

1

At the hearing on the Petition, Petitioner maintained that post-conviction relief is warranted because he did not receive certain relevant information before entering his plea, he did not receive all of the pretrial detention credit to which he is entitled, he did not enter his pleas voluntarily, and he received ineffective assistance from his attorney.

Discussion

A. *Credit for Pretrial Detention*

Preliminarily, the parties agree that in docket number 09-6, Petitioner is entitled to 397 days of credit for pretrial detention representing the time that he remained incarcerated at the Kennebec County Jail before he entered his pleas. Because the parties agree that Petitioner has not received the full 397 days credit, the Court will grant Petitioner's request, and order that Petitioner shall receive credit for 397 days of pretrial detention time.

B. *Failure to Provide "Brady" Information*

Petitioner contends that he was entitled to receive, but did not receive certain "Brady" information before entering his pleas to certain charges pending in Somerset County. While Petitioner plead to certain Somerset County matters at the same time he entered his pleas to the Kennebec County matters, in his Petition, Petitioner did not request post-conviction relief in the Somerset County matters. In addition, Petitioner failed to present sufficient evidence to convince the Court that he was deprived of any exculpatory evidence prior to entering pleas.

C. *Voluntariness of Pleas*

Petitioner argues that because he was incarcerated at the time, and because of the number of counts with which he was charged, he felt pressured to enter the pleas and,

2

therefore, he did not enter the pleas voluntarily. A plea is voluntary if it is "the product of a defendant's free choice and not the result of force, threats or promises other than those in connection with a plea agreement." *Wellman v. State*, 588 A.2d 1178, 1181 (Me. 1991) (citing, M.R. Crim. P. 11(d)).

The record established that Petitioner entered his plea with the benefit of counsel, and with the full knowledge of the consequences of his pleas. While the decision to plea to multiple felony charges is understandably stressful, the Court is not persuaded that Petitioner was pressured or coerced to enter his pleas. He had several conversations with his counsel on the morning of the plea, and requested and was granted a meeting with the District Attorney to discuss the terms of the plea. Based in part on the information that Petitioner obtained from his counsel and the District Attorney, Petitioner decided to go forward with the plea. In short, the record establishes that Petitioner entered the pleas voluntarily.

D. *Ineffective Assistance of Counsel*

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

3

Some of Petitioner's concerns about the quality of his attorney's representation are related to his lack of knowledge of the disposition of charges against co-defendants in the Somerset matters. Although there is some question as to whether he was aware of the disposition of the Somerset matters involving the co-defendants, even if Petitioner did not know all of the particulars of the resolution of the co-defendants' charges, the Court is unconvinced that knowledge of that information would have caused Petitioner to take a different course in the Kennebec matters. The record evidence suggests that the recommended sentence in the Kennebec matters was reached independent of the Somerset matters. The State subsequently agreed to resolve the Somerset matters through a sentence that would run concurrent to the Kennebec matters.

Petitioner also cites his lack of knowledge at the time of his plea of the status of the pending motions in the case. The motions were withdrawn or rendered moot by the pleas. Even if Petitioner had been unaware that the motions were withdrawn or moot, Petitioner has presented no evidence from which the Court could conclude that had he known the status of the motions, Petitioner would have chosen a different course of action. That is, in the event that Petitioner's counsel should have and did not advise him of the status of the motions, Petitioner has failed to prove that the failure to do so is grounds for post-conviction relief. Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Laferriere v. State*, 697 A.2d 1301, 1305 (Me. 1997) (quoting, *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985)). Finally, Petitioner's contention that his counsel failed to conduct an adequate pretrial investigation is unsupported by the record.

4

Conclusion

Based on the foregoing analysis, the Court grants Petitioner's request for post-conviction relief as to the good time credit to which he is entitled. The Court, therefore, orders that in docket number 09-6, Petitioner shall receive credit for 397 days of pretrial detention. The Court otherwise denies Petitioner's request for post-conviction relief.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 5/10/13

Justice, Maine Superior Court

5

## DOCKET RECORD

PL. DOB: 02/10/1960
PL. ATTY: VERNE PARADIE                       State's Attorney: EVERT FOWLE
          PARADIE SHERMAN & WORDEN
          11 LISBON ST SUITE 202
          LEWISTON ME 04240
          APPOINTED 01/09/2012

Filing Document: PETITION                     Major Case Type: POST CONVICTION REVIEW
Filing Date: 01/13/2011

## Charge(s)

## Docket Events:

01/13/2011 FILING DOCUMENT -   PETITION FILED ON 01/13/2011

01/13/2011 POST CONVIC. REVIEW -   REVIEW SENT FOR REVIEW ON 01/13/2011

01/13/2011 MOTION -   MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 01/13/2011

03/11/2011 POST CONVIC. REVIEW -   ASSIGNMENT ASSIGNED TO DOCKET ON 03/11/2011

03/21/2011 MOTION -   MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/15/2011
           JOHN  NIVISON , JUSTICE
           COPY TO PARTIES/COUNSEL
   )21/2011 Party(s):  KEVIN COLLINS
           ATTORNEY -   APPOINTED ORDERED ON 03/15/2011

           Attorney:  DAVID PARIS
03/23/2011 POST CONVIC. REVIEW -   ASSIGNMENT ASSIGNED TO JUSTICE ON 03/14/2011
           JOHN  NIVISON , JUSTICE
04/27/2011 MOTION -   MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 04/25/2011

05/09/2011 POST CONVIC. REVIEW -   NOT AMENDING PCR PETITION FILED ON 05/09/2011

           Attorney:  DAVID PARIS
05/25/2011 POST CONVIC. REVIEW -   RESPONSE TO PETITION FILED ON 05/24/2011

05/25/2011 POST CONVIC. REVIEW -   PCR CONFERENCE SCHEDULED FOR 06/06/2011 at 01:15 p.m.
           JOHN  NIVISON , JUSTICE
           PARTIES WILL CALL INTO 1-888-450-5996, CODE 915230
05/25/2011 POST CONVIC. REVIEW -   PCR CONFERENCE NOTICE SENT ON 05/25/2011

06/17/2011 POST CONVIC. REVIEW -   PCR CONFERENCE CONTINUED ON 06/06/2011

           CONTINUED AT THE REQUEST OF DAVID PARIS
06/27/2011 POST CONVIC. REVIEW -   PCR CONFERENCE SCHEDULED FOR 07/07/2011 at 08:30 a.m.
           JOHN  NIVISON , JUSTICE
06/27/2011 POST CONVIC. REVIEW -   PCR CONFERENCE NOTICE SENT ON 06/27/2011

07/07/2011 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 07/07/2011
          JOHN  NIVISON , JUSTICE
          Attorney:  DAVID PARIS
          DA:  PAUL RUCHA
07/07/2011 ORDER -  COURT ORDER FILED ON 07/07/2011
          JOHN  NIVISON , JUSTICE
          FOLLOWING A TELEPHONE CONFERENCE WITH THE PARTIES, THE COURT ORDERS: 1) ON OR BEFORE
          7/22/11 PETITION SHALL FILE AN AMENDED PETITION.  2) ON OR BEFORE SEPT. 9, 2011,
          RESPONDENT SHALL FILE ITS ANSWER TO THE AMENDED PETITION.  3) ON OR BEFORE SEPT. 23, 2011,
          EACH PARTY SHALL SERVE AND FILE A LIST OF THE EXHIBITS THAT THE PARTY INTENDS TO INTRODUCE
          AT TRIAL, AND A LIST OF THE WITNESSESS THAT THE PARTY INTENDS TO CALL AT TRIAL.  THE COURT
          WILL CONDUCT A FINAL HEARING 10/13/11, EITHER KENN. OR SOM.
07/07/2011 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 10/13/2011 at 08:30 a.m.
          JOHN  NIVISON , JUSTICE
          NOTICE TO PARTIES/COUNSEL                                        EITHER KENNEBEC
          OR SOMERSET
07/28/2011 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 07/25/2011

09/12/2011 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 09/08/2011

09/12/2011 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 09/12/2011

          CERTIFIED COPY TO SHERIFF DEPT.
09/20/2011 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 09/20/2011

09/26/2011 OTHER FILING -  WITNESS LIST FILED BY STATE ON 09/21/2011

10/11/2011 MOTION -  MOTION TO CONTINUE FILED BY STATE ON 10/11/2011

10/12/2011 MOTION -  MOTION TO CONTINUE GRANTED ON 10/11/2011
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
10/12/2011 HEARING -  EVIDENTIARY HEARING CONTINUED ON 10/12/2011

11/09/2011 MOTION -  OTHER MOTION FILED BY PETITIONER ON 11/03/2011

          FILED BY KEVIN COLLINS, MOTION FOR SUBSTITUTE COUNSEL
12/07/2011 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 01/09/2012 at 08:30 a.m.
          JOHN  NIVISON , JUSTICE
          NOTICE TO PARTIES/COUNSEL
12/07/2011 HEARING -  EVIDENTIARY HEARING NOTICE SENT ON 12/07/2011

12/07/2011 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 12/07/2011

          CERTIFIED COPY TO SHERIFF DEPT.
01/05/2012 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 01/05/2012

          Attorney:  DAVID PARIS
01/05/2012 HEARING -  EVIDENTIARY HEARING CONTINUED ON 01/05/2012

01/11/2012 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 01/09/2012
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL

01/11/2012 Party(s): KEVIN COLLINS
      ATTORNEY - WITHDRAWN ORDERED ON 01/09/2012

      Attorney: DAVID PARIS
01/11/2012 Party(s): KEVIN COLLINS
      ATTORNEY - APPOINTED ORDERED ON 01/09/2012

      Attorney: VERNE PARADIE
10/19/2012 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/18/2012 at 08:30 a.m.
      JOHN NIVISON , JUSTICE
      NOTICE TO PARTIES/COUNSEL
10/19/2012 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 10/19/2012

10/19/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 10/19/2012

      CERTIFIED COPY TO SHERIFF DEPT.
12/13/2012 MOTION - MOTION TO CONTINUE FILED BY PETITIONER ON 12/12/2012

      Attorney: VERNE PARADIE
12/17/2012 MOTION - MOTION TO CONTINUE GRANTED ON 12/14/2012
      JOHN NIVISON , JUSTICE
      COPY TO PARTIES/COUNSEL
12/17/2012 HEARING - EVIDENTIARY HEARING CONTINUED ON 12/14/2012
      JOHN NIVISON , JUSTICE
12/19/2012 MOTION - OTHER MOTION FILED BY PETITIONER ON 12/14/2012

      MOTION TO PERMIT PETITIONER TO ACT AS CO-COUNSEL
02/11/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 03/11/2013 at 08:30 a.m.
      JOHN NIVISON , JUSTICE
      NOTICE TO PARTIES/COUNSEL
02/11/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 02/11/2013

02/14/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 02/14/2013

      CERTIFIED COPY TO SHERIFF DEPT.
03/15/2013 LETTER - FROM PARTY FILED ON 03/15/2013

      8 DOCUMENTS TO SUPPORT TESTIMONY
05/13/2013 HEARING - EVIDENTIARY HEARING HELD ON 03/11/2013
      JOHN NIVISON , JUSTICE
      Reporter: LAURIE GOULD
      Defendant Present in Court
05/13/2013 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 03/11/2013
      JOHN NIVISON , JUSTICE
05/13/2013 FINDING - GRANTED ENTERED BY COURT ON 05/10/2013
      JOHN NIVISON , JUSTICE
      BASED ON THE FOREGOING ANALYSIS, THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONVICTION
      RELIEF AS TO THE GOOD TIME CREDIT TO WHICH HE IS ENTITLED. THE COURT, THEREFORE, ORDERS
      THAT IN DOCKET NUMBER 09-06, PETITIONER SHALL RECEIVE CREDIT FOR 397 DAYS OF PRETRIAL
      DETENTION.
05/13/2013 FINDING - DENIED ENTERED BY COURT ON 05/10/2013
      JOHN NIVISON , JUSTICE
      THE COURT GRANTS PETITIONER'S REQUEST FOR POST CONVICTION RELIEF AS TO THE GOOD TIME

CREDIT TO WHICH HE IS ENTITLED.  THE COURT, THEREFORE, ORDERS THAT IN DOCKET NUMBER 09-6, PETITIONER SHALL RECEIVE CREDIT FOR 397 DAYS OF PRETRIAL DETENTION.  THE COURT OTHERWISE DENIES PETITIONER'S REQUEST FOR POST CONVICTION RELEIF

A TRUE COPY
ATTEST:    _____
                          Clerk