STATE OF MAINE  
WASHINGTON, ss

SUPERIOR COURT  
DOCKET NO. WASCD-CR-18-396

RICKY O. MILLAY  
        Petitioner )
)
)
)
)
)
)

vs )

)
)
)
)

STATE OF MAINE )
        Respondent )

ORDER REGARDING  
PETIONER'S MOTION TO GRANT  
POST-CONVICTION REVIEW  
and the STATE'S OBJECTION  
and REQUEST TO ENLARGE TIME

## BACKGROUND FACTS

Before the court is the Motion to Grant Petition for Postconviction Review filed by

Petitioner, Ricky Millay. On August 29, 2017, Millay was found guilty by a jury of

driving to endanger (Class E), operating under the influence (Class B), leaving the

scene of an accident involving an attended vehicle (Class E), criminal mischief

(Class D), and operating beyond license condition or restriction (Class

E).(WASCD-CR-2015- 00312) He was found not guilty of leaving the scene of an

accident involving personal injury (Class D). On October 11, 2017 Millay was

sentenced to six years to the Department of Corrections, with all but four years

suspended, on the Class B operating under the influence charge, with concurrent

1

time on the other charges. Millay timely appealed, and on April 19, 2018 the Maine Supreme Judicial Court affirmed the judgment in a memorandum of decision. *State v. Millay,* Mem-18-31 (Apr.19, 2018). On August 20, 2018 Millay filed this petition for post-conviction review. Millay was appointed counsel, and on November 13, 2018 an Amended Petition for Post-Conviction Review was filed. In the Order Assigning Petition for Post-Conviction Review, the State was ordered to file a response pursuant to Rule 71 within 21 days of receipt of an amended petition.

The District Attorney received the amended petition on November 13, 2018. At that time the District Attorney was on vacation but had been e-mailed the amended petition. Due to his being out of the office on vacation, the amended petition was missed and the State failed to timely file a response. See State's Objection and Request to Enlarge Time dated January 31, 2019. On January 30, 2018 Millay filed with the court the pending Motion to Grant Petition for Post-Conviction Review based on the State's failure to timely file a response. Millay's motion reminded the State a response had not been filed and on January 31, 2019 it filed an Objection to Petitioner's Motion and Request to Enlarge Time.

2

A non-testimonial hearing was held on Millay's motion on May 20, 2019. At the hearing the District Attorney indicated he had no excuses for not timely filing the State's response, and that he had simply missed the deadline, having lost track of the e-mail sent to him while on vacation. Based on the District Attorney's acknowledgement the amended petition was received on November 13, 2018, the response was due December 4, 2018.[1]

## DISCUSSION

Millay relies on *Wellman v. State,* 588 A.2d 1178 to advance his argument that the State *may* be subject to default and precluded from contesting the allegations in a post-conviction petition on the basis of timeliness. In *Wellman,* which is a 1991 case, the Court wrote "Pursuant to M.R.Crim.P. 45(b) and 71, the time to respond to a petition may be enlarged after the expiration of the twenty-day response period, upon a showing of excusable neglect." *Wellman,* 588 A.2d at 1180. When *Wellman* was decided in 1991, M.R. Crim. P. 71 stated "Additional time to file a response is controlled by Rule 45(b)." In 1991, M.R. Crim. P. 45(b) provided that the court may order to enlarge the period to respond for cause shown

---

[1] At hearing, Millay's counsel also argued that the difficulty experienced in getting from Millay's prior trial counsel the file materials, and having to file a Motion to Compel asking the court to order trial counsel to produce the file, should be considered and factored into the analysis of whether the State should be defaulted due the failure to timely file a response. The court views those facts as collateral, and although receiving a copy of the motion could have triggered the District Attorney's memory that a response was due, the court will not assess the failure of prior trial counsel to produce his file to the District Attorney.

3

upon a motion made after the expiration of the specified period to act to be done if the failure to act was the result of excusable neglect. In other words, when *Wellman* was decided in 1991, the standard for enlarging the time period to respond pursuant to a motion made *after* the time period had expired was *excusable neglect.*

The provision for enlargement of time to respond in Rule 71 was amended in 1993, when reference to Rule 45(b) was deleted. In its place Rule 71 was amended to state "Additional time to file a response may be granted for cause shown." The Advisory Committee Note of 1993, which sheds light on the reasoning for this change, states "Experience has shown that enlargements of time need not be as sparingly granted for petitions for post-conviction review as for criminal trials and appeals. Accordingly, the strict standard of enlargement of Rule 45(b) should be disentangled from post-conviction petitions. The amendment substitutes a more lenient standard of enlargement."

Rule 71 has undergone further amendment, as the version now in effect has subdivisions, and of particular application is Rule 71(b) Enlargement of Time to File. That subsection states "Notwithstanding the filing deadlines imposed

4

pursuant to Rule 70(c)… additional time may be granted by the court for cause shown, before or after the time has expired, with or without motion and notice.

Meanwhile, Rule 45(b), as in effect in 1991 and to date, remains more stringent. It provides that when an act is required to be done at or within a specified time, the court may enlarge the time for cause shown if application is made *before* the expiration of the period originally prescribed, but if after the expiration of the specified period, it may extend the period to act if the failure to act was the result of excusable neglect. Rule 45(b) does not apply to requests for enlargement of time to file responses to motions for post-conviction review.

The point being, current Rule 71(b) does not have the more stringent excusable neglect standard, whether it be before or after the time period to act has expired, as was in effect when *Wellman* was decided in 1991.

This more lenient standard makes sense given the gravity of the consequences. Even when *Wellman* was decided, with the higher standard in effect, the Court wrote "Indeed, it is in the interest of the public and helpful to the court for the State to be an active participant in post-conviction." *Wellman,* 588 A.2d at 1180. Although there are no additional Maine cases addressing this issue, there are

numerous Federal cases which address the issue of the government's failure to respond to habeas petitions.

In general, with a habeas petition, there is a presumption that the state court judgment is valid until there is some showing that by constitutional standards it is not. *Bermudez v. Reid,* 733 F.2d 18, 21 (2nd Cir. 1984). A default judgment is not a proper remedy when the Government fails to timely respond to a petition for a writ of habeas corpus. *Thompson v. United States,* 2010 U.S. Dist. LEXIS 98481, at 11. (E.D. Tex. Aug. 23, 2010). A default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition. *Id.* citing *Bermudez v. Reid,* 733 F.2d 18 (2nd Cir. 1984). To hold otherwise would improperly place the burden of default on the community at large. *Id.*

In the Memorandum of Law and oral argument presented at hearing, Millay argues that the State must establish *excusable neglect* or extraordinary circumstances before the court enlarge the time to file a response. For the reasons articulated above, the court rules that *excusable neglect* is not the appropriate standard. As Rule 71(b) now states, the court may grant additional time for cause shown, before or after the time has expired. The standard is *cause shown,* which is the same

6

standard when a request for enlargement of time pursuant to Rule 45(b) made *prior* to the expiration of the period originally prescribed.

The District Attorney has indicated the deadline was missed due to his missing the e-mail containing the amended petition sent to him while on vacation. Although not the *best* cause for the missing a deadline, a cause has been presented. On the other hand, there is no evidence of willful conduct, or that the District Attorney was intentionally attempting to delay the proceedings or to prejudice the defendant. And the delay to the case resulting from the State's failure to timely file a response is minimal. There is absolutely no suggestion the State was intentionally delaying the proceedings or attempting to perpetuate Millay's confinement.

Millay was found guilty by a jury, and his appeal was denied. Now pending is his Petition for Post-Conviction Review, in which Millay raises claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel raised on post-conviction review are governed by the two -part test outlined in *Strickland v. Washington,* 466 U.S. 668 (1984). Applying that test, a petitioner bears the burden, at the post-conviction trial, of proving the following: (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation resulted in prejudice. *Philbrook v. State,* 2017 ME 162, ¶ 6.

In this action, Millay carries the burden of proof. Defaulting the State for its failure to timely file a response to the petition without reaching the merits of the claim is inappropriate, particularly as the burden of a default effects the community at large. In light of the totality of the circumstances, the court finds that the District attorney missing an email containing the amended petition received while on vacation, with no hint of willful conduct or intentional delay, is cause to enlarge the time for the State to file its response to Millay's amended petition.

Accordingly, Millay's Motion to Grant the Post-Conviction Review is denied, and the State's Request to Enlarge Time is granted. The court accepts for the filing the State's Response to Petitioner's Amended Petition for Post-Conviction Review previously filed with the court on January 31, 2019. The clerk is further instructed to schedule as soon as possible the Rule 72A Conference to set the course of further proceedings.

Dated: May 30, 2019

_____
Justice, Superior Court

8